IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 14-0218-CG-C |
| | ) |
| SAM COCHRAN, SHERIFF OF | ) |
| MOBILE COUNTY, ALABAMA | ) |
| | ) |
| Defendant. | ) |

## ORDER

The cause before the Court is Plaintiff's Motion for Leave to Amend Complaint (Doc. 15) and Defendant's opposition (Doc. 17). For the reasons stated below, the Court finds that the Plaintiff's motion to amend is due to be denied.

### I. BACKGROUND

This case arises from a complaint filed on May 13, 2014, which alleged the Defendant violated Plaintiff's constitutional rights by wrongfully listing him on the sex offender registry. (Doc. 1).

In 2012, a member of the Mobile County Police Department arrested the Plaintiff for failing to register his address in compliance with sex-offender registration laws. (Doc. 1 p. 2; Doc. 15-1 p.2). On January 30, 2013, the state

1

district court dismissed the charges. (Doc. 15-1 p.2). Plaintiff claims the arrest and subsequent listing on the registry caused him to lose his job and resulted in substantial mental anguish for which he is entitled damages. (Doc. 1 pp. 2-3).

On August 8, 2014, Defendant filed a Motion to Dismiss (Doc. 9) and a brief in support of that motion. (Doc. 10). In the brief, Defendant claimed a lack of jurisdiction, qualified immunity and that the Plaintiff failed to meet the heightened pleading requirements of 42 U.S.C. § 1983. (Doc. 10 pp. 2 – 4). On September 16, 2014, Plaintiff filed a Motion for Leave to Amend along with a proposed amended complaint that added Detective Daniel Webster as a defendant and an additional claim of slander per se. (Doc. 15-1, pp. 2, 4). In response, Defendant filed an objection and stated the Court should reject any amendment to the complaint because it would be futile. (Doc. 17 p. 2). The Court now considers Plaintiff's Motion for Leave to Amend. (Doc. 15).

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a). The Eleventh Circuit recognized that Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend. Sibley v. Lando, 437 F.3d 1067, 1073 (11th Cir. 2005). "Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co., 470

F.3d 1036, 1041 (11th Cir. 2006) (citation omitted). That said, leave to amend can be properly denied under circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (citation omitted).

In this case, there is no evidence of undue delay, bad faith, a dilatory move by the movant, undue prejudice or a repeated failure to cure a deficiency. Therefore, for the Plaintiff's motion to be denied, the amendment must be futile. In this case, determining futility depends on, even with the proposed amendments, if the Plaintiff could recover against the Defendant based on his claims. It is clear to this Court that the Plaintiff cannot and therefore, the proposed amendments are futile.

In the original complaint, Plaintiff claims that he is entitled to § 1983 relief because the Defendant violated his right to trial. (Doc. 1). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330–331 (1986)).

Plaintiff's original complaint cites no specific Constitutional amendment and instead, merely states "violates Plaintiff's fundamental right to trial as guaranteed by the United States Constitution." (Doc. 1, p.2). Plaintiff also vaguely claims a violation of § 1983. (Doc. 1 p.3). However, section 1983 exists to secure constitutional rights and does not create a right within itself. "Section 1983 alone creates no substantive rights; rather it provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." Cornelius v. Town of Highland Lake, Ala., 880 F.2d 348, 352 (11th Cir. 1989). Section 1983 "merely provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States. '[O]ne cannot go into court and claim a "violation of § 1983"—for § 1983 by itself does not protect anyone against anything.'" Gonzaga Univ. v. Doe, 536 U.S. 273, 285, (2002) (quoting Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979)). Therefore, based on the original complaint, the Plaintiff failed to adequately plead grounds on which he could recover.

In the proposed amended complaint, Plaintiff again failed to establish grounds on which he could recover, this time by citing the wrong Constitutional amendment. The proposed amended complaint claims Defendant violated Plaintiff's due process rights guaranteed under the Fifth Amendment. (Doc. 15-1 p. 4). However, the Fifth Amendment Due Process Clause serves as a limitation on the power of the *federal* government and the

Due Process Clause of the Fourteenth Amendment applies to States and municipalities. <u>Green v. Freeman</u>, 434 F.Supp.2d 1172, 1176 (2005) (See also <u>Davidson v. City of New Orleans</u>, 96 U.S. 97, 99 24 L.Ed. 616 (1877) "The fifth amendment to the Constitution, which declares that no person shall be 'deprived of life, liberty, or property without due process of law…,' is a limitation on the powers granted by that instrument to the Federal government, and not a restraint upon the States.") Therefore, individuals who alleged due-process violations against state or municipal actors must bring their claims under the Fourteenth Amendment rather than the Fifth. <u>Green</u> at 1176.

    Sheriff Cochran and Detective Daniel Webster are state actors and not agents of the federal government. Amending the complaint to reflect the addition of Detective Webster and a defamation claim would not change the fact that the suit was brought alleging violations of the wrong Constitutional amendment.

    The proposed amendment is futile because the Plaintiff does not allege a claim on which he can recover. Therefore, it is **ORDERED** that Plaintiff's motion to amend (Doc. 15) is **DENIED**.

    **DONE** and **ORDERED** this 9th day of March, 2015.

    /s/  Callie V. S. Granade
    UNITED STATES DISTRICT JUDGE.